IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BARTH and MAUREEN BARTH, individually and as husband and wife, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | No.  16-2140 |
| WALT DISNEY PARKS AND RESORTS U.S., INC. and THE WALT DISNEY COMPANY, | : : : | |
| Defendants. | : : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **AUGUST 29, 2016**

      Presently before this Court is the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendants, Walt Disney Parks and Resorts U.S., Inc. ("WDPR") and The Walt Disney Company ("TWDC") (collectively, "Defendants"), the Response in Opposition filed by Plaintiffs, Michael and Maureen Barth (collectively, "Plaintiffs'), and Defendants' Reply Brief. For the reasons set forth below, Defendants' Motion is granted.

**I.**     **FACTS**

      Plaintiffs allege that Michael Barth sustained injuries when he was attacked by a venomous snake at Walt Disney World Resort in Florida.  (Compl. ¶¶ 5, 10.)  WDPR owns and operates Walt Disney World Resort.[1]  (Defs.' Mot. to Dismiss at 2) (citing Certification of Scott

---

[1] Previously, Walt Disney World Co. was the name of the corporate entity that owned and operated Walt Disney World Resort, where the alleged incident occurred in this case.  (Defs.' Mot. to Dismiss at 3) (citing Justice Cert. ¶ 5.)  "In March 2009, Walt Disney World Co. was renamed Walt Disney Parks and Resorts U.S., Inc., i.e., WDPR, one of the defendants in this case."  (Id.) (citing Justice Cert. ¶ 6.)

Justice, officer at WDPR serving as Assistant Secretary, hereinafter "Justice Cert.," ¶ 3.) Plaintiffs assert claims against Defendants for negligence and loss of consortium. (See Compl.)

Plaintiffs initiated this action by writ of summons in the Court of Common Pleas for the First Judicial District of Pennsylvania (Philadelphia County). (Not. of Removal.) Plaintiffs filed their Complaint on October 13, 2015. (Id.) Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 and § 1446 based on diversity jurisdiction. (Id.) Defendants now move to dismiss Plaintiffs' Complaint based on lack of personal jurisdiction.[2]

## II.    DISCUSSION

"Federal courts sitting in diversity may exercise personal jurisdiction over nonresident defendants to the extent provided by the law of the state in which the federal court sits." Penco Prods., Inc. v. WEC Mfg., LLC, 974 F. Supp. 2d 740, 746 (E.D. Pa. 2013) (citing Fed. R. Civ. P. 4(e)). "Pennsylvania's Long–Arm Statute allows personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the Fourteenth Amendment." Id. (citing 42 Pa. Cons. Stat. Ann. § 5322(b); Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992)). "Under this standard, nonresident defendants are required to have minimum contacts with Pennsylvania so as not to offend traditional notions of fair play and substantial justice." Id. (citing Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "There are two types of personal

---

[2] Defendants move for dismissal based on Federal Rule of Civil Procedure 12(b)(2). (See Defs.' Mot. to Dismiss.) Once a defendant raises a jurisdictional defense, the plaintiff "must prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (citation omitted). Where, as here, the district court does not hold an evidentiary hearing, "a plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

jurisdiction: general and specific."[3] Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 & n.9 (1984)).

General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (e.g., domicile)" Walden v. Fiore, — U.S. —, 134 S. Ct. 1115, 1121 n.6, 188 L.Ed.2d 12 (2014) (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011)). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear, 564 U.S. at 919 (citing Int'l Shoe, 326 U.S. at 317); see also Daimler AG v. Bauman, 571 U.S. —, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (2014) ("Accordingly, the inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" ).  Regarding a corporate defendant, the paradigm bases for general jurisdiction are the place of incorporation and the principal place of business. Daimler, 134 S. Ct. at 760-62 n.20 ("General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide.  A corporation that operates in many places can scarcely be deemed at home in all of them.").  In addition to the two paradigm bases, general jurisdiction may arise in the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business

---

[3] Plaintiffs do not contest Defendants' argument that specific jurisdiction does not exist in this case. (Pls.' Response Opp'n Defs.' Mot. to Dismiss at 3) ("Because this claim arises from activities outside the forum, plaintiffs must establish that defendant's [sic] business activities within the Commonwealth of Pennsylvania are so 'continuous and substantial' as to make it reasonable for the state to exercise in personam jurisdiction."). Thus, we will not address the issue of specific jurisdiction; instead, we will solely focus on the applicability of general jurisdiction.

may be so substantial and of such a nature as to render the corporation at home in that State."[4] Id. at 761 n.19; see also Brown v. Lockheed Martin Corp., 814 F.3d 619, 627 (2d Cir. 2016) ("[I]n our view Daimler established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business - the 'paradigm' cases."); Carmouche v. Tamborlee Mgmt., Inc., 789 F.3d 1201, 1205 (11th Cir. 2015) ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business."); Kipp v. Ski Enter. Corp. of Wis., 783 F.3d 695, 698 (7th Cir. 2015) (noting the "stringent criteria" of Goodyear and Daimler); Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 432 (5th Cir. 2014) (analyzing Goodyear and Daimler finding that "[i]t is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business"); Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014) ("Daimler makes clear the demanding nature of the standard for general personal jurisdiction over a corporation.").

In this case, Plaintiffs have failed to establish general jurisdiction over Defendants. Here, the paradigm bases do not apply because Defendants are neither incorporated nor have their principal places of business in Pennsylvania. WDPR is a Florida corporation that has its principal place of business in Florida. (Justice Cert. ¶ 2.) WDPR's business activities consist of

---

[4] See Farber v. Tennant Truck Lines, Inc., 84 F. Supp. 3d 421, 431 (E.D. Pa. 2015) ("This Court - based on its analysis of Goodyear and Daimler, its own review of the post-Daimler legal landscape, and given that every circuit court to analyze the effect of Goodyear and Daimler on general jurisdiction jurisprudence has concluded, either directly or indirectly, that the unadorned 'continuous and systematic' contacts standard for determining general jurisdiction is no longer viable in light of those cases - finds that Goodyear and Daimler's more stringent 'essentially at home' standard is the operative standard to follow in determining whether general jurisdiction is proper.") (citing cases).

4

the ownership, operation, and management of themed entertainment parks, resorts, and related facilities located in Florida and California, including Walt Disney World Resort in Florida. (Id. ¶ 3.) TWDC is a Delaware corporation that has its principal place of business in California. (Certification of Marsha L. Reed, TWDC's Vice-President of Governance Administration and Assistant Secretary, hereinafter "Reed Cert.," ¶ 2.) TWDC is a holding company that owns stock in a variety of corporations operating in the fields of entertainment, recreation, and consumer products, among others. (Id. ¶ 3.)

Since Plaintiffs cannot show general jurisdiction under the two paradigmatic bases, Plaintiffs must show that this is an exceptional case where Defendants' "affiliation with the state are so continuous and systematic as to render it essentially at home" in Pennsylvania. See Goodyear, 564 U.S. at 919; Daimler, 134 S. Ct. at 761. Plaintiffs fail to allege sufficient facts suggesting that Defendants are essentially "at home" in Pennsylvania. Through affidavits, Defendants have shown the following: they are not qualified or licensed to do business in Pennsylvania; have never conducted business in Pennsylvania; have neither incurred nor paid taxes in Pennsylvania; have not appointed agents for the service of process in Pennsylvania; have no offices or places of business in Pennsylvania; own no real estate, bank accounts, or other assets in Pennsylvania; and should not be listed in any Pennsylvania telephone directories. (Defs.' Mot. to Dismiss at 3) (citing Justice Cert. ¶ 4; Reed Cert. ¶ 4.)

Plaintiffs fail to premise their argument on the "at home" inquiry. (Pls.' Response Opp'n Defs.' Mot. to Dismiss at 3-6.) Instead, they concentrate on Defendants' alleged "substantial business activities" in Pennsylvania. (Id.) Plaintiffs argue that "the record reveals defendants have more than the minimal contacts with Pennsylvania" and they are "substantial."[5] (Id. at 3);

---

[5] Plaintiffs provide a copy of the results of an internet search revealing several entities with the Disney name registered in Pennsylvania. (Pls.' Response Opp'n Defs.' Mot. to Dismiss at 4, Ex. B.) Plaintiffs state that "[w]hile

5

see Daimler, 134 S. Ct. at 761 (criticizing plaintiffs' request that the Court "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" as "unacceptably grasping").  In support of their argument, Plaintiffs rely upon the following: they assert that Disney Stores have several locations in Pennsylvania, which sell a variety of Disney World merchandise; WPVI-TV, Channel 6, a major Philadelphia television station is owned by ABC Owned Television Stations subsidiary of TWDC; and the Walt Disney World College Program[6] has an office in Philadelphia.[7]  (Id. at 3-5.)

Defendants respond by arguing that Plaintiffs' reliance on the alleged activities in Pennsylvania by affiliates of Defendants, namely the Disney Store, USA, LLC, ABC, Inc. d/b/a/ WPVI-TV, and Disney Destinations, LLC (an entity listed in Plaintiffs' Exhibit B) (collectively, "Affiliated Companies"), is misplaced because those "Affiliated Companies" are entities that are separate and distinct from Defendants.  (Defs.' Reply Br. at 4) (citing Second Justice Cert. ¶ 2; Second Reed Cert. ¶ 2.)  Defendants also state that "Plaintiffs do not and cannot cite any evidence to the contrary."  (Id. at 5.)

Plaintiffs have neither shown how the activities and contacts of the Affiliated Companies may be properly imputed to Defendants in this action nor how those alleged contacts with Pennsylvania render Defendants subject to general jurisdiction here.  Plaintiffs do not assert that

---

plaintiff [sic] does not contend all entities listed in this search are related to defendants, it is clear that Disney does significant business in Pennsylvania."  (Id.)  They also go on to state that "Defendants have also engaged in substantial print and television advertising in Pennsylvania."  (Id.)

[6] Defendants state that "[t]here is a Disney College Program, but that is a program, not a corporate entity, and neither of the Defendants engage in any activities in Pennsylvania in connection with that program."  (Defs.' Reply Br. at 6 n.3) (citing Second Certification of Scott Justice in Support of Motion to Dismiss "Second Scott Justice Cert.," ¶ 4; Second Certification of Marsh L. Reed in Support of Motion to Dismiss "Second Reed Cert.," ¶ 3.)

[7] Defendants point out that Plaintiffs refer to "Disneyworld Reservation Center" in their brief.  (Defs.' Reply Br. at 6 n.3)  Defendants explain that it appears that a person or entity, with no affiliation to Defendants, by the name of Fay Oppenheim registered the fictitious name in 1978 with the Pennsylvania Corporation Bureau, but Defendants did not register the fictitious name.  (Id.)

any of the Affiliated Companies are Pennsylvania corporations or that their principal places of business are located here. Moreover, Plaintiffs do not contend that the Affiliated Companies' contacts with Pennsylvania are of an exceptional nature rendering them essentially at home in Pennsylvania such that general jurisdiction may exist and be properly imputed to Defendants.

"The allegation that an entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that it is essentially 'at home' in Pennsylvania." Campbell v. Fast Retailing USA, Inc., No. 14-6752, 2015 WL 9302847, at *2–3 (E.D. Pa. Dec. 22, 2015) (citing Daimler, 134 S. Ct. at 761 (emphasizing that even "engage[ment] in a substantial, continuous, and systematic course of business" alone is insufficient to render it at home in a forum)); see also Spear v. Marriott Hotel Servs., Inc., No. 15-6447, 2016 WL 194071, at *3 (E.D. Pa. Jan. 15, 2016)) ("Applying the considerations of Daimler and Goodyear, the mere allegation that defendants operate in the State does not render defendants 'at home' in Pennsylvania and subject it to general jurisdiction here."); Farber, 84 F. Supp. 3d at 432 ("A corporation is *not* 'at home' in 'every state in which it engages in a substantial, continuous, and systematic course of business.'"). Plaintiffs have failed to allege or show that Defendants undertook sufficient "continuous, substantial activities" in Pennsylvania that would otherwise justify treating them as "at home" in Pennsylvania. Since Defendants cannot be said to be essentially at home in this jurisdiction, this Court cannot constitutionally assert general personal jurisdiction over them. We, therefore, grant Defendants' Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[8]

---

[8] Instead of dismissing this case, Plaintiffs request that it be transferred to the United States District Court for the District of Delaware. (Pls.' Response Opp'n Defs.' Mot. to Dismiss at 7.) If a district court lacks jurisdiction over a matter, such as our case, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; see also In re All Terrain Vehicles Litig., No. 88-1914, 1989 WL 30948, at *6 (E.D. Pa. Feb. 23, 1989) ("Venue must also have been proper in the transferee court, and the transferee court must have been able to assert personal jurisdiction over all

### III.     CONCLUSION

We do not have general jurisdiction over Defendants.  Defendants are not incorporated in Pennsylvania, and neither have their principal place of business in Pennsylvania.  Plaintiffs have not come close to providing evidence that this lawsuit is an exceptional case where Defendants' business activities in Pennsylvania give rise to general jurisdiction because their contacts are so substantial or continuous and systematic as to render them essentially "at home" in this state.  Consequently, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is granted.  Plaintiffs' request that this action be transferred to the United State District Court for the District of Delaware is denied because they have not made any showing that the action could have been properly brought in the Delaware District Court at the time it was filed since it appears that personal jurisdiction is lacking there too.[9]

An appropriate Order follows.

---

defendants."). We deny Plaintiffs' request to have the case transferred to the District of Delaware because it does not appear that this action could have properly been brought in that court against WDPR because it is a Florida corporation that has its principal place of business in Florida, and it "is not qualified or licensed to do business in Delaware." (Defs.' Mot. to Dismiss at 8) (Second Justice Cert. ¶ 5.)  Also, there is no showing whatsoever by Plaintiffs that WDPR is essentially "at home" in Delaware. (Id.)  Likewise, specific jurisdiction is lacking because Plaintiffs' claims are not related to any alleged activities by Defendants in Delaware. (Id.)

[9] We reject Plaintiffs' request for jurisdictional discovery because the record shows that discovery would be futile as it is not likely to produce the facts needed to withstand Defendants' Rule 12(b)(2) Motion. See Rose v. Granite City Police Dep't, 813 F. Supp. 319, 321 (E.D. Pa. 1993) ("The Court chooses to exercise its discretion here and deny Plaintiff's motion requesting discovery because Plaintiff has failed to make even a threshold *prima facie* showing that the Court has jurisdiction over the persons of Defendants.").